UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Pyratech Security Systems, Inc.,   Case No. 18-55926
                                   Chapter 11
            Debtor.                Hon. Maria L. Oxholm
_____/

### Order Establishing Deadlines and Procedures

After reviewing of the schedules and statement of financial affairs and consulting with the debtor and the other parties[1] who appeared at the initial status conference, the Court concludes that this case is appropriate for the procedures set forth in this order, and establishes the following deadlines, hearing dates and procedures. The purpose of this order is to expedite the debtor's reorganization and to secure "the just, speedy, and inexpensive determination of [this] case . . . ." Fed. R. Bankr. P. 1001.

**1. Deadlines and Hearing Dates.** The following deadlines and hearing dates are established:

**a. For creditors who are required by law to file claims, the deadline is 4/3/2019, except that for governmental units the deadline to file claims 7/2/2019.**

**b. The deadline for the debtor to file motions (see ¶ 7) is 1/29/2019. This is also the deadline to file all unfiled overdue tax returns. The case will not be delayed due to unfiled tax returns.**

**c. The deadline for parties to request the debtor to include any information in the disclosure statement (see ¶ 3) is 2/25/2019.**

**d. The deadline for the debtor to file a combined plan and disclosure statement (see ¶ 2) is 3/27/2019.**

**e. The deadline to return ballots on the plan, as well as to file objections to final approval of the disclosure statement and objections to confirmation of the plan, is 5/1/2019. The completed ballot form shall be returned by mail to the debtor's attorney: Ethan D. Dunn, Maxwell & Dunn, PLC, 24725 W. 12 Mile Rd., Suite 306, Southfield, MI 48304.**

**f. The hearing on objections to final approval of the disclosure statement and confirmation of the plan shall be held on 5/9/2019 at 11:00 a.m., in Room 1975, 211 W.**

---

[1] For purposes of this order, the terms, "party" or "parties" refers to the debtor, the creditors, the interest holders, and the United States Trustee.

Fort Street, Detroit, Michigan.

**g. The deadline for all professionals to file final fee applications (see ¶ 8) is <u>30 days after the confirmation order is entered</u>.**

**h. The deadline to file objections to this order (see ¶ 9) is 1/24/2019.**

**i. The deadline to file a motion to extend the deadline to file a plan (see ¶ 10) is 2/25/2019**.

**j. The deadline to file a motion to extend the time to file a motion to assume or reject a lease under 11 U.S.C. § 365(d) is 3/7/2019. Counsel for the debtor shall consult with the courtroom deputy to assure that such a motion is set for hearing before 3/27/2019.**

**k. These dates and deadlines are subject to change upon notice if the debtor files a plan before the deadline in ¶ 1d above.**

**2. The Plan.** The debtor shall begin to negotiate the terms of a plan of reorganization and a disclosure statement as soon as practicable. See 11 U.S.C. §1106(a)(5). By the deadline established in paragraph 1d, the debtor shall file a plan of reorganization and a disclosure statement combined into one document. If the debtor fails to meet this deadline, the case may be dismissed or converted to chapter 7 pursuant to 11 U.S.C. §1112(b)(4).

**3. Preparation of the Disclosure Statement.** It is the policy of the Court to eliminate unnecessary, time-consuming, and costly litigation concerning the adequacy of the disclosure statement. Accordingly, in preparing the disclosure statement, the debtor (1) shall include all information in the "Requirements for Information to Include in the Combined Plan and Disclosure Statement," prepared by the Court, and (2) shall consider any request by any party to include any additional information. Any such request shall be submitted to the debtor's attorney by the deadline established in paragraph 1c. The parties shall submit to the Court for informal resolution any disputes about the disclosure statement before the debtor files it. This informal resolution may be requested in a telephone conference call. Unless good cause is shown, the Court will not consider any objection to a disclosure statement asserted by anyone who has not participated in the procedures set forth in this paragraph.

**4. Preliminary Approval of the Disclosure Statement.** When the debtor files the combined disclosure statement and plan, the Court will consider whether to grant preliminary approval of the disclosure statement.[2] If the Court does not grant preliminary approval, the Court will schedule an expedited hearing with such notice as the Court deems appropriate, to advise the debtor's attorney of the Court's decision. When the Court does enter an order granting preliminary approval, the debtor may then begin soliciting acceptances of the plan. Within three days after the entry of the order granting preliminary approval, the debtor shall arrange to mail that order, the combined plan and disclosure statement, any other statement approved by the Court pursuant to Rule 3017(d), and a ballot, to whomever is entitled by law to service.

---

[2] Counsel for the debtor is advised that preliminary approval will be granted only to a disclosure statement that contains the information required in the "Requirements for Information to Include in the Combine Plan and Disclosure Statement." **Counsel for the debtor and parties may obtain a copy of the requirements from the court's website at www.mieb.uscourts.gov.**

**5. The Combined Hearing on the Plan and Disclosure Statement.** Subject to paragraph 3, parties may file objections to the disclosure statement and to the plan by the deadline established in paragraph 1e above. An objection to a disclosure statement shall state with particularity the objecting party's participation in the procedures set forth in paragraph 3. Objections shall be served on the attorney for the debtor, the attorney and the chairperson of any official committee, and the United States Trustee. A proof of such service shall be filed with the objections. Objections which are not timely filed and served will be deemed waived. If, after considering objections, the Court does not approve the disclosure statement, the Court will not consider confirmation of the plan.

**6. Ballot Summary.** At least two business days before the confirmation hearing, the debtor shall file a verified summary of the ballot count under § 1126(c) and (d) with a copy of all original ballots attached. The debtor shall have the originals of the ballots available at the confirmation hearing.

**7. Expediting the Debtor's Reorganization.** If necessary to file a plan by the deadline established in this order, the debtor shall file any motions or requests to value security pursuant to L.B.R. 9014-1 by the deadline established in paragraph 1b above.

**8. Fee Applications.** Unless the Court orders otherwise, each professional shall file only one final fee application. Such applications shall be filed pursuant to L.B.R. 2016-1 and L.B.R. 9014-1 by the deadline set forth in paragraph 1g, above.

**9. Deadline to File Objections to this Order.** Any objection to this order must be filed by the deadline set forth in paragraph 1h, above. Objections not timely filed are waived.

**10. Motions to Extend the Deadline to File a Plan and Disclosure Statement.** Any such motion must be filed by the deadline in paragraph 1i. The motion shall demonstrate by affidavit or otherwise that the request is necessary due to extraordinary and unforeseen circumstances. The Court will schedule a hearing, and counsel for the debtor shall serve the motion and a notice of the hearing to the U.S. Trustee, all secured creditors, the 20 largest unsecured creditors and counsel for the creditors' committee, if any, and shall file a proof of service.

**Signed on January 03, 2019**

/s/ Maria L. Oxholm
**Maria L. Oxholm**
**United States Bankruptcy Judge**