UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                         Chapter 11
PYRATECH SECURITY SYSTEMS, INC.,            Case #18-55926
                                                                  Hon. Maria L. Oxholm

           Debtor in Possession
_____/

## STIPULATION RESOLVING OBJECTIONS AND FOR ENTRY OF ORDER CONFIRMING PLAN

NOW COMES the Debtor, U.S. Trustee, and the undersigned objecting creditors, the parties having resolved their filed and unfiled objections to confirmation, and hereby stipulate to entry of the attached order confirming plan (**Exhibit A).**

So stipulated;

                                                         MAXWELL DUNN, PLC
                                                        /s/ Ethan D. Dunn_____
                                                        Ethan D. Dunn (P69665)
                                                        Attorneys for Debtor
                                                        24725 W. 12 Mile Road, Ste. 306
                                                        Southfield, MI 48034
                                                        (248) 246-1166
                                                        edunn@maxwelldunnlaw.com


                                                        Dana Nessel, Attorney General
                                                        */s/ Moe Freedman*_____
                                                        Moe Freedman (P74224)
                                                        Michigan Department of Treasury
                                                        Assistant Attorney General
                                                        3030 W. Grand Blvd., Ste. 10-200
                                                        Detroit, MI 48202
                                                        (313) 456-0140
                                                        Freedmanm1@michigan.gov

                                              Matthew Schneider,
                                              U.S. Attorney General
                                              */s/ Kevin R. Erskine*
                                              Kevin R. Erskine (P69120)
                                              211 W. Fort Street, Suite 2001
                                              Detroit, MI 48226
                                              (313) 226-9610
                                              Kevin.Erskine@usdoj.gov

                                              Daniel McDermott, U.S. Trustee
                                              Region 9
                                              */s/Ariel M. Olah*
                                              Ariel M. Olah (P78927)
                                              Trial Attorney,
                                              U.S. Trustee Detroit
                                              211 W. Fort Street, Suite 700
                                              Detroit, MI 48226
                                              Tel: (313) 226-7912
                                              Ariel.Olah@usdoj.gov

Dated:  May 9, 2019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  Chapter 11
PYRATECH SECURITY SYSTEMS, INC.,  Case #18-55926
 Hon. Maria L. Oxholm

      Debtor in Possession
_____/

## ORDER CONFIRMING PLAN

The Debtor, Pyratech Security Systems, Inc. filed its Combined Plan and Disclosure Statement with the court on March 27, 2019 (*Dkt. #26*). The order granting preliminary approval of the combined plan and disclosure statement was entered on March 27, 2019 (*Dkt. #27*). Copies of the plan and disclosure statement, ballot, and the Order Granting Preliminary Approval of the Debtor's Disclosure Statement were served on all creditors, equity security holders and other interested parties on March 29, 2019. The hearing on confirmation was held on May 9, 2019. All filed and unfiled objections have been resolved and those creditors voting on the plan have accepted the Combined Plan and Disclosure Statement as amended by this Order.

**WHEREFORE**, THE COURT FINDS AND CONCLUDES AS FOLLOWS:

1. All requirements for confirmation of the Plan under 11 U.S.C. § 1129(b) have been satisfied.
2. The Disclosure Statement meets the requirements of Section 1125 of the Bankruptcy Code.

Based upon the findings and conclusions stated above,

**IT IS ORDERED THAT**:

1. The Debtor's Combined Plan and Disclosure Statement (Docket #51), as modified by this Order, is CONFIRMED.
2. The Debtors Disclosure Statement is granted final approval.
3. Section C.2.4 of the Plan shall be amended to state as follows: "Group 2 consists, without limitation, of Holders of Priority Tax Claims, if and when allowed. Holders of Priority Tax Claims may include, without limitation,; The Internal

Revenue Service ("IRS") in the amount of $74,871.22 and the Michigan Department of Treasury ("Treasury") in the amount of $51,635.12. The IRS shall receive monthly installments in the estimated amount of $1,362.00. The Michigan Department of Treasury shall receive monthly installments in the estimated amount of $938.82. The allowed claims of this group may be paid in full at any time prior to the fifth anniversary of the Petition Date, but only after payment of all outstanding Professional Fees. The Allowed Claims of this group shall be paid in full before any distribution is made to any other claimant with an unsecured claim, in the event that payment on such claims are made in full prior to sixty months following the Petition Date."

4. The IRS's secured claim, with statutory interest, shall be paid as filed, in equal monthly payments beginning on the effective date and completing within 60 months of the petition date.
5. Section D.1.1 of the Plan shall be amended to state as follows: Debtor shall pay Treasury monthly payments on account of their Allowed Secured Claim in the amount of $298.79 plus interest at the rate applicable under non-bankruptcy law determined as of the calendar month in which the plan is confirmed for a term equal to the number of months beginning with the first month after the Effective Date and the month which is one seventy-two (72) months after the Effective Date.
6. Upon failure of the debtor to make any payment due on any administrative, secured, priority, or general unsecured claim of the Service, or a failure to meet the timeframes for liquidating any asset, which failure is not cured within 30 days of the mailing of a written notice of default by the Service, the Service may, without further order of this Court, exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief from this Court. In the event of conversion of this case to a Chapter 7 proceeding, all property of the debtor; debtor-in-possession; or reorganized debtor, which will revest upon confirmation of the Plan of Reorganization and all of debtors' after acquired property shall be property of the Chapter 7 Estate.
7. Notwithstanding any provision of the Plan, there shall be no requirement that the Internal Revenue Service file any request for payment of Administrative Expenses, nor any deadline for the filing of such requests. Nor shall the failure to pay such liabilities result in a discharge, injunction exculpation, release or in any other manner defeat the United States' right or ability to collect such liability pursuant to the requirements of Title 26. Payment of any and all administrative claims of the IRS shall be on or before the Effective Date.
8. The Debtor shall remit to the United States Trustee the appropriate sums required pursuant to 28 U.S.C. §1930(a)(6) as set forth above, and shall continue

to pay such sums until the Case is dismissed or converted by the Court. The Debtor shall timely file monthly reports of all disbursements post confirmation by the 20th of each month and shall timely pay all post-confirmation fees on such disbursements by the Reorganized Debtor, until the case is converted or dismissed.

9. Upon the failure of the debtor to make any payment due on a secured or priority tax claim which is not cured within 30 days of the mailing of a written notice of default by the creditor, such creditor may exercise all rights and remedies available under non-bankruptcy law for the collection of its entire claim or seek appropriate relief from this Court.